**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| MARCIA ANN PERKINS, | DOCKET NUMBER |
| Appellant, | PH-0752-24-0367-I-1 |
| v. | |
| UNITED STATES POSTAL SERVICE, | DATE: July 29, 2026 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Albert Lum</u>, Brooklyn, New York, for the appellant.

<u>Keith Lamont Reid</u>, Esquire, Virginia Beach, Virginia, for the appellant.

<u>Roderick Eves</u>, Esquire, and <u>Greg Allan Ribreau</u>, Esquire,
St. Louis, Missouri, for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which upheld her removal based on a sustained charge of improper conduct. On petition for review, the appellant asserts, among other things, that the agency failed to provide her with certain requested documentation, treated her differently than

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

other employees who engaged in the same misconduct, and discriminated and retaliated against her. Petition for Review (PFR) File, Tabs 1, 5. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. We MODIFY the initial decision to (1) explain the proper framework for evaluating the appellant's retaliation claim, (2) clarify that administrative judge should have evaluated disparate penalty as part of the penalty analysis, and (3) consider the deciding official as a potential comparator in the disparate penalty analysis. Except as expressly modified herein, we AFFIRM the initial decision.

We have considered the appellant's assertion that the agency failed to turn over certain requested documentation. PFR File, Tab 1 at 2. However, the appellant did not file a motion to compel before the administrative judge, and she has not persuaded us that any evidence in this regard would have warranted a different outcome. We are also not persuaded that the administrative judge erred in her evaluation of the evidence regarding the charge and 33 specifications. Indeed, the Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe*

*v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). The appellant has not identified such reasons.

Although we discern no error with the administrative judge's ultimate conclusion that the appellant did not prove that retaliation for prior equal employment opportunity (EEO) activity was a motivating factor or "but-for" cause of her removal, Initial Appeal File (IAF), Tab 24, Initial Decision (ID) at 13-14, we modify the initial decision to clarify the proper standards for evaluating this claim. Importantly, the appellant's prior EEO activity involved allegations of discrimination based on race, sex, age, and disability. IAF, Tab 10 at 16-18. Claims of retaliation for opposing discrimination in violation of Title VII and the Age Discrimination in Employment Act are analyzed under the same framework used for Title VII discrimination claims, i.e., under the motivating factor standard. *Desjardin v. U.S. Postal Service*, 2023 MSPB 6, ¶ 32; *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 20-21, 30; *Nita H. v. Department of the Interior*, EEOC Petition No. 0320110050, 2014 WL 3788011 at *10 n.6 (July 16, 2014). However, to prevail in a claim of retaliation for engaging in activity protected by the Americans with Disabilities Act, as amended by the Americans with Disabilities Amendments Act, including filing EEO complaints based on disability discrimination and requesting reasonable accommodations, the appellant must show that retaliation was a "but-for" cause of the agency's action. *Pridgen*, 2022 MSPB 31, ¶¶ 44-47. Applying the proper standard to the appropriate underlying allegations, we agree with the administrative judge that the appellant did not prove that retaliation was a motivating factor or "but-for" cause of the removal.

In her analysis of the appellant's affirmative defenses, the administrative judge discussed the appellant's disparate penalty claim. ID at 16-18. In pertinent part, the administrative judge stated that the appellant claimed disparate penalty as an affirmative defense, correctly pointed out that such a claim is not an affirmative defense, then properly analyzed the issue as a factor regarding

reasonableness of penalty according to *Singh v. U.S. Postal Service*, 2022 MSPB 15, and she concluded that the appellant did not prove this claim. ID at 16-18. Although the appellant does not raise such an error on review, it was error for the administrative judge to discuss disparate penalty in her analysis of the appellant's affirmative defenses. *See, e.g.*, *Vargas v. U.S. Postal Service*, 83 M.S.P.R. 695, ¶ 9 (1999) (explaining that an appellant's allegation that the agency treated her more harshly than another employee, without a claim of prohibited discrimination, is an allegation of disparate penalties to be proven by the appellant and considered by the Board in determining the reasonableness of the penalty, but it is not an affirmative defense). We modify the initial decision accordingly. However, a different outcome is not warranted. In *Singh*, 2022 MSPB 15, ¶ 14, the Board held that the relevant inquiry is whether the agency knowingly and unjustifiably treated employees differently. The administrative judge considered two proposed comparators and found that one comparator settled her case and did not return to the agency and the other comparator involved differentiating factors. ID at 17-18. Regarding the latter comparator, the administrative judge found that he was charged with a smaller volume of clock ring changes (all of which occurred in 1 day), he only had 2 years of supervisory experience (compared to the appellant's 37 years of service and 10 years as a supervisor), and he had no prior discipline. We agree with the administrative judge's implicit finding that the agency was justified in treating this comparator differently. ID at 18.

We have also considered, in our disparate penalty analysis, the appellant's assertion that the agency treated her differently than the deciding official. PFR File, Tab 1 at 2. Although the administrative judge did not explicitly discuss this issue in her disparate penalty analysis, she discussed the appellant's assertion that she should not have been removed by the deciding official for the same misconduct that he engaged in. ID at 8-10. In pertinent part, the administrative judge discussed two grievances filed against the agency due to the deciding

official's actions, both of which were sustained, and she noted that the deciding official was never disciplined for changing clock rings. *Id*.; IAF, Tab 10 at 21-25. The evidence described by the administrative judge in the initial decision reflects that the deciding official changed the clock rings because they were entered incorrectly, which stands in sharp contrast to the administrative judge's finding that the appellant changed the clock rings to reflect that the carriers began their time on the street earlier than their actual times. ID at 9-10. Thus, the agency has justified the difference in treatment between the deciding official and the appellant. *Singh*, 2022 MSPB 15, ¶ 14. Having considered this factor and the remaining penalty factors, we agree with the administrative judge that removal was a reasonable penalty for the sustained misconduct. ID at 19-21.

The appellant's reply brief contains additional assertions of error that were not raised in her petition for review. For example, in her reply brief, she asserts that the agency failed to accommodate her disability, and she provides more information to support her allegations of administrative judge error.[2] PFR File, Tab 5. The regulation at 5 C.F.R. § 1201.114(a)(3) states that a reply to a response to a petition for review is limited to the factual and legal issues raised by another party in response to the petition for review; it may not raise new allegations of error. Thus, we need not consider her additional assertions of error

---

[2] The appellant also includes additional information in her reply brief. For example, she includes emails from 2023 requesting certain documentation, a December 7, 2023 Office of Workers' Compensation Programs Duty Status report, one page of documentation related to her EEO complaint, an excerpt from the proposal notice, and a February 15, 2024 letter memorializing the agency's decision to grant her various accommodations. PFR File, Tab 5 at 5-14. Some of this documentation was in the record before the administrative judge, and it is not new. *See Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980) (stating that evidence submitted on review that was included in the record below is not new). As for the remaining documentation, under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time with a petition for review absent a showing that it was unavailable before the record was closed before the administrative judge despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 213-14 (1980). The appellant has not made such a showing.

contained only in her reply brief. Nevertheless, we have considered these assertions, but a different outcome is not warranted.[3] For example, she has not persuaded us that the administrative judge erred in analyzing her failure to accommodate claim or that the agency failed to accommodate her disability. To the contrary, the documentation in her reply brief shows that she did not request a specific accommodation, and the agency provided her with several accommodations.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[3] Because of our disposition, we need not address the timeliness of the appellant's reply brief.

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:            _____
                          Gina K. Grippando
                          Clerk of the Board
Washington, D.C.